**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **NATASHA NELSKIE OGATIS-DOLLETE, *pro se*,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:26-cv-0010** |
| | ) | |
| **VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

**THIS MATTER** is before the Court upon Plaintiff Natasha Nelskie Ogatis-Dollete's Emergency Motion to Stay Collection Activity and Release Levy Pending Resolution or Action (Mot.) (Dkt. No. 5), filed May 20, 2026. Plaintiff states that she "received collection notices, penalties, interest assessments, and levy action relating to [an alleged deficiency] for Tax Year 2021." Mot. at 1. Plaintiff further states that her "bank accounts are currently frozen . . . ." *Id*. at 2. Plaintiff seeks a stay of "further collection activity related to Tax Year 2021 pending resolution of this action" and the "release of levied or frozen bank funds . . . ." *Id*.

The Court construes Plaintiff's motion as a motion for injunctive relief. Federal Rule of Civil Procedure Rule 65 governs injunctions and restraining orders. In the event a temporary restraining order is requested, the Court finds that Plaintiff has failed to "certif[y] in writing any efforts made to give notice [to the adverse party] and the reasons why [notice] should not be required." Fed. R. Civ. P. 65(b)(1)(B). Likewise, a preliminary injunction may be issued "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

Moreover, it is well established that a motion for temporary restraining order or preliminary injunction should be granted only if the plaintiff establishes the following: "(1) a likelihood of 'success on the merits,' (2) a likelihood that the moving party will "suffer irreparable harm,' (3) that the 'balance of equities' weighs in the moving party's favor, and (4) that injunctive relief is in 'the public interest.'" *Osorio-Martinez v. Att'y Gen.*, 893 F.3d

153, 178 (3d Cir. 2018) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).[1] Because the Court is not persuaded that Plaintiff has demonstrated irreparable harm, the Court will not address the other factors.[2]

As the Third Circuit Court of Appeals has declared: "In general, to show irreparable harm a plaintiff must 'demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial.'" *Acierno v. New Castle County*, 40 F.3d 645, 653 (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989)). The *Acierno* court continues: "Economic loss does not constitute irreparable harm: 'It seems clear that the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury . . . .'" *Id*. (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974). Thus, usually "economic injuries alone cannot be a sufficient basis for a court to issue a TRO, because they are by their very nature, remunerable. . . . Only in such instances where a harm occurs for which "money cannot atone," may a court find irreparable harm**.**" *Birsingh*, 2026 U.S. Dist. LEXIS 17183, at *5-6 (citing *Frank's GMC Truck Ctr. v. Gen. Motors Corp*., 847 F.2d 100, 102 (3d Cir. 1988) and quoting *Acierno*, 40 F.3d at 653 (quoting *A. O. Smith Corp. v. FTC*, 530 F.2d 515, 525 (3d Cir. 1976))); *see also Campbell Soup Co. v. ConAgra, Inc*., 977 F.2d 86, 91-92 (3d Cir. 1992) ("A plaintiff has the burden of proving a 'clear showing of immediate irreparable injury.' The 'requisite feared injury or harm must be irreparable--not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" (quoting *ECRI v. McGraw-Hill, Inc.,* 809 F.2d 223, 226 (3d Cir. 1987) (citations omitted))).

The Court construes the harm alleged by Plaintiff as solely an economic injury, namely tax deficiency collection efforts, including the freezing of bank accounts. Applying the

---

[1] Although the *Osorio-Martinez* court articulates the standard for granting a preliminary injunction, the "standard for issuing a temporary restraining order and a preliminary injunction is the same." *Keene v. Cheeks*, Civ. No. 25-7375 (SDW) (LDW), 2026 U.S. Dist. LEXIS 13949, at *8 (D.N.J. Jan. 26, 2026) (citing *Mirashi v. Doe*, No. 25-1805, 2025 U.S. Dist. LEXIS 54141, 2025 WL 893003, at *3 (D.N.J. Mar. 21, 2025) (*citing Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017))).

[2] "A plaintiff must satisfy all four factors to succeed in moving for a TRO." *Birsingh*, 2026 U.S. Dist. LEXIS 17183 at *6 (citing *Nutrasweet Co. v. Vit-Mar Enters. Inc*., 176 F.3d 151, 153 (3d Cir. 1999) ("A plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate.")).

standard applicable in this judicial circuit, the Court finds that Plaintiff has failed to demonstrate immediate and irreparable injury absent the entry of a restraining order or injunction. Consequently, the Court will deny Plaintiff's motion.

Accordingly, it is hereby

**ORDERED** that Plaintiff Natasha Nelskie Ogatis-Dollete's Emergency Motion to Stay Collection Activity and Release Levy Pending Resolution or Action, Dkt. No. 5, is **DENIED**; it is further

**ORDERED** that the Clerk of Court **SHALL** send a copy of this Order to Defendant by certified mail, return receipt requested and file a copy of the return receipt on the docket.

**Dated**: October 8, 2026

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**